ELMER A. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13315. Promulgated November 7, 1928.

*James B. Suhr, Esq.*, for the petitioner.
*Henry LeRoy Jones, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner is contending that the amount of the two notes he gave Mrs. Fontius to satisfy his liability as the endorser of the Supply Company note, is deductible from gross income as a loss sustained in a transaction entered into for profit or as a bad debt, and that the other item is deductible as a loss sustained in the fulfillment of a moral obligation to save Brill harmless under his purchase of the stock at the request of the petitioner.

The depositions taken by the petitioner of Mrs. Fontius, D. E. Wilcox, president of the corporation during 1920, and himself, which, with the admissions made by the respondent in his answer, constitute all of the evidence before us, do not show when all of the several transactions mentioned in our findings of fact occurred, but it appears that most, if not all of them, happened on or about April 1, 1921. At that time the corporation was in financial difficulties and all of its stockholders were of the opinion that no benefit would be derived from placing the corporation in receivership. For that reason, and also to give several of the other stockholders a chance to recover their investment, some of the stockholders donated their stock to the corporation. Concerning the transfer to the corporation of the stock held by the petitioner and the giving of a release for all claims he had against it, the petitioner testified on direct examination as follows:

Q. And was there any other agreement made between you and the Wilcox Truck, Tire and Supply Company at that time?

A. Yes; there was an arrangement made at that time of what we would probably term the sale of the Wilcox Truck, Tire and Supply Company whereby I turned—all stockholders turned in all their stock. I took a loss on all of the stock of the Wilcox Truck, Tire and Supply Company, with the exception of a payment in notes that I received from the Wilcox Tire Company, which was the entire liquidation of the Company.

Q. Upon receipt of these notes did you release the Truck, Tire Company from any of your claims?

A. I released it from all claims.

On cross-examination, petitioner testified, in substance, that the note he received from the Supply Company or W. B. LaMar was accepted in full settlement of the " whole situation."

As we understand this and other evidence associated with it, petitioner received a consideration from either the Supply Company or W. B. LaMar, not only for the stock transferred, but for his

assumption of the corporation's liability as maker of the note held by Mrs. Fontius. Without knowing the details of the settlement and without knowing the amount of the note given to petitioner, which note was subsequently paid, we can not find that petitioner in fact sustained a loss in the amount sought to be deducted and there is no course open to us but to sustain the respondent's determination.

If, however, we are mistaken as to the purport of the testimony concerning the transaction the petitioner had with the Supply Company, the items in dispute could not be allowed as deductions from gross income, since the petitioner was on the cash receipts and disbursements basis in the taxable year and it is clear from the evidence that he did not make any payments under the several obligations during 1921. *S. R. Davis*, 9 B. T. A. 755, and *Morris Sass*, 12 B. T. A. 156.

*Judgment will be entered under Rule 50.*